IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**RAYSHAWN BOYCE,** )<br>)<br>Defendant. ) | Cr. No. 24-371   MLG |

**UNITED STATES' OPPOSED MOTION IN LIMINE
TO EXCLUDE DURESS DEFENSE**

The Defendant is charged in part with Conspiracy and Possessing over 400 grams of methamphetamine while in the custody of the Cibola County Correctional Facility. In recent months, the United States has received some indication that the Defendant may claim he was forced to bring drugs into the correctional facility by individuals he referred to as "The Mexicans," or duress from another source unknown to the United States. The United States moves this Court for an order, in limine, that precludes Defendant from raising a duress defense at trial – including during voir dire, his opening statement, injecting the issue into the trial through argument, questioning by defense counsel, evidence, or the testimony of defense witnesses. Alternatively, the United States requests an evidentiary hearing prior to trial for the Court to determine if Defendant can set forth evidence to meet each element of the defense.

**I.  LEGAL STANDARD**

Under settled Supreme Court precedent, a defendant is not permitted to raise an affirmative defense if he cannot establish before trial that there is evidence supporting each element of the defense. Regarding duress, the Supreme Court has recognized that it "allows the defendant to 'avoid liability … because coercive conditions or necessity negates a conclusion of

guilt even though the necessary mens rea was present.'" *Dixon v. United States*, 548 U.S. 1, 7 (2006) (quoting *United States v. Bailey*, 444 U.S. 394, 402 (1980)). Duress is recognized in the Tenth Circuit as a defense. The burden to prove duress rests on the defendant and he must do so by a preponderance of the evidence. *Dixon*, 548 U.S. at 8. The United States does not bear the burden of disproving a defendant's duress defense beyond a reasonable doubt. *Id*.

The Tenth Circuit Criminal Pattern Jury Instructions set out the framework for a duress defense. Pattern Jury Instruction 1.36 requires the defendant to prove three elements by a preponderance of the evidence:

1. The defendant was under an unlawful and present, imminent and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury to himself [or a family member, or others];
2. The defendant had no reasonable, legal alternative to violating the law, that he had no chance both to refuse to do the criminal act and also to avoid the threatened harm;
3. A direct causal relationship could have been reasonably anticipated between engaging in the criminal action and avoiding the threatened harm.

10th Cir. Criminal Pattern Jury Instruction 1.36 (2021). However, this instruction is not given merely upon request, and the existence of the instruction itself does not confer a right for a defendant to put that defense before a jury. The process by which a defendant may do so lies in the Supreme Court's decision in *Bailey*.

*Bailey* concerned a prosecution for escape from prison. 444 U.S. at 394. The Supreme Court's decision in *Bailey* has been implemented by the Tenth Circuit as follows: "[t]o qualify for an instruction on an affirmative defense such as necessity a defendant must produce evidence of each element sufficient to warrant its consideration by the jury." See *United States v. Al-Rekabi*, 454 F.3d 1113 (10th Cir. 2006) (emphasis added) (citing *Bailey*, 444 U.S. at 415 ("[B]ecause a defendant is entitled to have the credibility of his testimony, or that of witnesses called on his

2

behalf, judged by the jury, it is essential that the testimony given or proffered meet a minimum standard as to each element of the defense so that, if a jury finds it to be true, it would support an affirmative defense – here that of duress or necessity.").

Since *Bailey*, the Tenth Circuit has regularly upheld district courts in their decisions to bar defendants from raising a duress defense absent the defendant first presenting evidence sufficient to meet each element of the defense. See *United States v. Dixon*, 901 F.3d 1170 (10th Cir. 2018) (holding that a defendant charged with embezzlement and theft failed to make a threshold showing to present a duress defense to the jury and therefore the district court properly rejected the defense and properly excluded all evidence and related testimony at trial); see also *United States v. Portillo-Vega*, 478 F.3d 1194 (10th Cir. 2007) (holding that the district court properly rejected a duress defense from a defendant charged with illegal re-entry because he failed to set forth evidence on one of the elements and therefore the entire claim failed; the Tenth Circuit pointed out its respect for the district court's "gatekeeper" role in reviewing whether the defense proffer was sufficient); see also *United States v. Fraser*, 647 F.3d 1242 (10th Cir. 2011) (affirming exclusion of all evidence of necessity defense to a felon in possession charge, including evidence of a murder, because the defendant had the option of calling law enforcement to support his claim and did not do so).

In vetting a duress defense, the Court may proceed in several ways. First, it may permit evidence of the defense to be introduced at trial, but may also manage the presentation of evidence by requiring the Defendant to first satisfy any one of the elements before proceeding further. *United States v. Graham*, 663 Fed.Appx. 622, 625 (10th Cir. 2016), citing *Bailey*, at 416 ("the trial court and jury need not be burdened with testimony supporting other elements of the defense" if the defendant cannot meet that initial burden). Second, a trial court may allow the defendant to submit

their evidence in support of the defense but may deny the defendant's request to have an instruction on duress. *Graham*, at 625, citing *Al-Rekabi*, at 1122. Or third, the court may rule on the adequacy of the defense based on a pretrial proffer. *Id.*, citing *United States v. Alicea*, 837 F.2d 103, 107 (2d. Cir. 1988). "Regardless of the path chosen by the trial court, there is no question that where the defendant's evidence is insufficient on even one element of the defense, the defendant is not permitted to proceed further." Id.

While the Court may allow the defense to wait until trial to proffer, and may even allow the proffer to occur after the United States case in chief, if the basis of such defense is not disclosed until trial, the prosecution may be entitled to a continuance on the grounds of surprise. *Id.*, citing *Williams v. Florida*, 399 U.S. 78, 85-86 (1970). "If that process is constitutionally permissible, the Court reasoned, 'then surely the same result may be accomplished through pretrial discovery, … avoiding the necessity of a disrupted trial.'" *Id*. Here, the United States asks this Court to avoid a disrupted trial.

## II.     ARGUMENT

Obtaining a ruling prior to trial is necessary to avoid presentation of evidence submitted under the guise of duress, but actually presented to cause jury nullification. In this case especially, where there is no lack of dramatic and/or salacious side-issues, and the risk of the trial running off-track into collateral 403 territory is high. This court can limit such chaos by first vetting an affirmative defense.

In a recorded phone call from co-Defendant Louis Sullivan to G.T., Sullivan states,

> So you can tell them that, uh, that the Mexicans, tell them, what he say? Tell them that he was threatened, that the Mexicans was threatening him uh, about um, that, that the meth because it wasn't even his, but it belonged to the Mexicans and they were telling him, this um, that if

>        you didn't bring it in, uh, to them that they was gonna do something
>        [inaudible] him [inaudible] you know what I'm saying?

While the United States has identified these facts as the most obvious route to argue duress, it also acknowledges that there may be separate duress theories in the defense playbook that the United States cannot conceive of in viewing this case with reason or common sense. However, even if the Court were to accept The Defendant's self-serving perception of individuals he has deemed "The Mexicans," the duress defense would still be precluded as a matter of law. There is no evidence that the alleged threat was present, imminent, or impending. Such a threat is mentioned nowhere in his phone calls, or his letters, and cannot be seen on surveillance video showing the Defendant, alone, in possession of the methamphetamine. There is also no evidence that Defendant had no reasonable, legal alternative to violating the law. He could have chosen not to pick the methamphetamine up from the empty cell and carry it to his room. Instead, the evidence will show that the Defendant planned to import a controlled substance into the correctional facility, he went to great manipulative tactics to get that done, and when a search by facility personnel was imminent, he made efforts to escape culpability.

One likely consequence of the Defendant presenting a duress defense, is that any testimony alleging the Defendant was in fear of suffering death or great bodily harm will be countered with his recorded statements regaling his mother and others with tales of all the beatings he has delivered over the years, as well as during his confinement. The United States is also in possession of surveillance video of the Defendant assaulting at least one corrections officer, in addition to his body-slamming of a United States Mail Carrier. Such evidence would be relevant to show he is not one to be threatened. Furthermore, the United States may argue that evidence of the Defendant's recent possession of THC wax is relevant to rebut this defense as well. However, if it

is first determined the Defendant can't prove beyond a preponderance he is entitled to a duress instruction, then there would be no need for the United States to counter his defense with such instances and admissions of violence. This trial would stay on track, with far less risk that chaos ensues.

Requiring a threshold showing as to whether the evidence is sufficient to support a duress defense, and doing so pre-trial, safeguards against improper efforts at jury nullification and confusing the issues that the jury must decide. Defendant cannot make a threshold showing of duress. If, despite the evidence to the contrary, Defendant believes he has a valid duress claim, *Bailey* requires that he proffer that he has evidence to satisfy each element of the defense prior to raising it before the jury. To the extent Defendant wishes to try and satisfy that standard, the United States requests that the Court require him to do so pre-trial and outside the presence of the jury.

### III.   CONCLUSION

For these reasons, the United States therefore moves this Court for an order, in limine, that precludes Defendant from raising a duress defense at trial – including during voir dire, his opening statement, or otherwise injecting the issue into the trial through argument, questioning by defense counsel, evidence, or the testimony of defense witnesses.

Defendant's counsel opposes this Motion.

Respectfully submitted,

HOLLAND S. KASTRIN
Acting United States Attorney

***Electronically filed March 7, 2025***
LETITIA CARROLL SIMMS
JOSEPH M. SPINDLE
Assistant United States Attorneys
201 Third St. NE Ste 900
Albuquerque, New Mexico 87102

(505) 346-7274

I hereby certify that the foregoing was filed electronically
through the CM/ECF system, which caused counsel
of record to be served by electronic means.

    /s/
LETITIA CARROLL SIMMS