IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 24-371  MLG |
| ) | |
| **RAYSHAWN BOYCE,** ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE TO OPPOSED MOTION IN LIMINE
TO ADMIT STATEMENTS OF A PARTY OPPONENT (DOC 125)**

THE UNITED STATES, by and through undersigned counsel, hereby responds to the Defendant's Motion to Admit Statements of a Party Opponent. (Doc 125). This motion should be denied because the statements are irrelevant, do not purport what the Defendant claims they do, and would invite further presentation of evidence by the United States to include the specifics of the Defendant's criminal background, the relative comparative sentence for A-level drug conspiracy and sexual abuse of a ward, and sexually aggressive phone calls made by the Defendant to G.T. Allowing this evidence, as well as any argument that these statements somehow amount to DOJ policy or directives, the Defendant's intended inference being the United States has somehow violated DOJ practice, is baseless, unfairly prejudicial, and would create a sideshow in violation of Rule 403.

**I.  RELEVANT FACTS**

The Defendant's motion mentions several facts that they argue are somehow relevant to an argument that the handling of the Defendant's case was somehow contradictory to the Department of Justice's positions on prosecuting similar cases. Prior to engaging in the legal analysis of Defendant's motion, it is important that these facts are accurately contextualized.

The Defendant argues that because G.T. was not charged with other crimes she admitted to committing, she is receiving a benefit that he opines is somehow counter to DOJ policy or practice. To be clear, the United States does not believe G.T. to be innocent, or even to have minimal culpability. She brought narcotics into the jail, which she admitted to and faces a mandatory ten years in prison. However, the Defendant's motion seems to infer, without directly stating, that there is some existing DOJ policy that Corrections Officers should be treated more harshly in criminal cases than inmates. To be clear, such a policy does not exist.

Furthermore, the United States is ethically bound to charge cases only when it has evidence to prove the crime beyond a reasonable doubt. Relevant to this obvious requirement is the legal theory of *corpus delecti*. *Corpus delecti* requires that a prosecutor have substantial evidence independent of a Defendant's confession before it can obtain a conviction. The Defendant complains that G.T. was not charged with bringing in suboxone to other inmates prior to the instant case. However, the only reason the United States was aware of this was because G.T. confessed to it. The United States could find no records from Cibola County Correctional Center regarding this incident. The United States has found no recordings of this incident, no notes regarding this incident, and has recovered <u>no substances</u> regarding this incident. With no substance recovered, the United States cannot prove a drug trafficking charge. All that exists to prove such a case is G.T.'s admission, and therein lies the *corpus delecti* problem. The United States will not charge a case with no evidence and should not have its integrity or decision-making attacked for refusing to do so. It is not a benefit to G.T. that the United States refrained from charging her with a crime that it could never sufficiently or legally prove. This court should not permit any argument that the United States should have engaged in unethical conduct based on G.T.'s status as a corrections officer.

Regarding the alleged rape of a ward charge, when the Government brings a case, it considers the likelihood of a conviction at trial. There is an infinite number of factual scenarios which, while technically a crime, the odds of convicting at trial are low at best. Typically, cases of sexual assault of a ward tend to involve facts of forcible rape, coerced sex (e.g. a corrections officer that tells an inmate, "If you don't have sex with me, I will report you for [illegal acts, contraband, etc.]."), and multiple partners. These are not the facts of this case.

The United States believes the Defendant lied on the stand in his Armed Robbery of a Postal Employee trial. In sexual assault trials, credibility of a victim is of utmost importance. In addition to what the United States believes was perjured testimony, there exists numerous phone calls to G.T. wherein the Defendant is extremely sexually aggressive towards G.T, discussing explicit sexual acts as well as lascivious descriptions of sex organs and other sex acts Defendant wishes to perform with her. Those phone calls would absolutely be played in a sexual abuse trial and would be extremely damaging to a sexual abuse case.

It appears in his motion that Defendant will argue that the United States was somehow derelict in its duty in not charging G.T. with rape of a ward. If that argument is made, the United States should be allowed to rebut that argument by presenting all evidence it considered in that decision, to include the extremely explicit and sexually aggressive phone calls.

Ultimately, the crimes G.T. admitted to cannot be proven in good faith and are unlikely to result in convictions at trial. To argue to the jury that G.T. received a benefit by not being charged with crimes the United States either had literally no evidence of, and an abysmal likelihood of conviction, is a bad faith argument which this Court should not permit.

II.     LEGAL STANDARD

The cases cited by Defendant in support of admitting the proposed statements do not support his request. In *United States v. Ganadonegro*, 854 F.Supp. 2d 1088, (D.N.M. 2012), the statements admitted were made in a prior trial in closing argument. The prior statements expressed a different theory of culpability than the re-trial. In other words, the prior statements directly contradicted the United States's theory in the same case. *Id.* 11-26-27. Similarly, in *United States v. Bakshinian*, the Court ruled that prior statements made by a prosecutor in a co-defendant's trial could qualify as statements by a party opponent, with the aim to avoid the prosecutor arguing different theories in each trial. 65 F.Supp. 1104, 1107-08 (C.D. Cali. 1999). The purported statements by the Defendant were not uttered specifically in reference to the case at hand. Not surprisingly, the United States Attorney's Office for the District of New Mexico does not compare notes with the US Attorney's Office for the Eastern District of Michigan. The Eastern District of Michigan would have no knowledge of Mr. Boyce's existence, let alone his case, and it is nonsensical to take a generic statement from a press release and ask the jury to interpret it as an inconsistency with the instant prosecution. In fact, the quote from the former USA Uballez is actually quite consistent with the nature of this prosecution, and it cannot be fairly read to contradict the actions taken in the instant case.

In *United States v. Kattar*, 840 F.2d 118, 131-32 (1st Cir. 1988), the First circuit ruled that the United States' briefs from prosecutions against the Church of Scientology were admissible in prosecution of defendant charged with extorting money from the church, however their exclusion was harmless error. Under these facts, if DAG Lisa Monaco had said, "The Department of Justice believes Rayshawn Boyce is a law-abiding citizen forever and always," then perhaps Defendant would have a point. But the nature of the statements he intends to present do not align with the theory of admissibility in *Kattar*.

**II.    ARGUMENT**

The Defendant states in his motion that "In its approach to this case, the government is taking the position that Mr. Boyce, the inmate, is more culpable than the corrections officer." And therefore, "the government's positions in this case are contrary to the public statements of agents or employees of the United States Department of Justice." (Doc. 125, *2). The Defendant further argues, "The government should not be permitted to make statements to the media indicating that the government is responsible for assuring drugs to not enter CCCC, but then enter a courtroom an tell a jury that it should hold Mr. Boyce responsible." *(Id.*, at 5)

In candor, the United States is struggling to understand the connection the Defendant is making here. All parties agree that the United States is responsible for assuring drugs do not enter CCCC. But this prosecution is how that goal is accomplished. The United States is prosecuting both parties responsible for the methamphetamine being brought into the jail. The corrections officer is facing ten mandatory years in prison. The inmate, who arranged for the corrections officer to obtain the methamphetamine, and took custody of the methamphetamine he planned to distribute to other inmates has not yet taken responsibility and will exercise his constitutional right to a jury trial this month.

The Defendant's motion is written as though inmates are immune from such prosecution when their crimes are committed with the help of a correctional officer, but there exists no basis for that inference. When the jury determines guilt or innocence of the Defendant, opinions regarding who else may be more or less culpable are irrelevant. *Tenth Circuit Pattern Jury Instruction 1.19* (It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person *also* may be guilty is no defense to a criminal charge. The question of possible guilty of others should not enter

your thinking as you decide whether this defendant has been proved guilty of the crime charged.) In other words, it is not an either/or decision, e.g. either the Defendant is guilty or G.T. is guilty. The Defendant and G.T. are both guilty, and the United States is prosecuting both of them.

The proposed statements proffered by the Defense are not contrary to the United States current prosecution. For example, the outgoing United States Attorney Alexander M.M. Uballez states, "[w]e are responsible for making sure that drugs and other contraband will not enter and will not have access to them while they are waiting for their trial or eventual plea dates." This statement is not inconsistent with the Defendant's prosecution, and it certainly does not direct that correctional officers be treated more harshly, as the Defendant seems to suggest is some sort of directive from DOJ.

Additionally, the Defendant cites a quote from the United States Attorney for the Eastern District of Michigan, stating, "Corrections Officers are entrusted with the critical responsibility of managing the security of our federal prisons. [The corrections officer's] conduct in this case was an abuse of that trust and created a security risk for everyone at the institution. Sexual contact between inmates and Corrections Officers is never acceptable, nor is the smuggling of contraband into prison. My office takes such cases seriously and will prosecute them to the full extent of the law." (Id, *3). This quote is not in opposition to the instant case. And while it specifically addresses corrections officers, it does not state that corrections officers should be treated more harshly than inmates, and references no such policy supporting such a directive.

The operative phrase in this quote is "to the full extent of the law." However, when charges are brought with no admissible evidence, and no avenue to obtain a conviction, that prosecution cannot be within the full extent of the law because the law does not extend like that.

6

This quote does not say DOJ demands unprovable cases be brought. Furthermore, this quote is clearly focused on a case occurring in Michigan. It makes no logical sense that a statement about an unrelated case, prosecuted across the country, made without knowledge of the facts of the Defendant's case should have any relevance to the case at hand.

Lastly, the statement, "The Justice Department's commitment to eradicating sexual abuse within the ranks of the Federal Bureau of Prisons continues through every case we prosecute." Again, this sentiment does not conflict with the current case. However, when blanket statements like this are made, they are done so with an eye toward sexual conduct that is forced, coercive, or exploitative. These are not the facts of our case.

Additionally, the circumstances of the current case do not indicate the United States condones sexual abuse within the Federal detention facilities. The two sentiments can exist at the same time. We should strive to end sexual abuse in federal detention centers, however that wish does not compel the United States to bring inappropriate or unprovable charges. It especially does not compel the United States to bring sex abuse charges when the sexual acts occurred at the encouragement of the Defendant as part of his plan to induce G.T. to bring drugs into the jail for him to distribute.

### III.    CONCLUSION

This motion should be denied because the purported statements by party opponent are not contradictory to the instant case. The statements are irrelevant because they are not made in direct reference to this case, the theory of this case, or the Defendant in this case. Furthermore, the statements should be excluded because if they are allowed, and the United States is put in a position to defend a claim that its actions run counter to some imagined DOJ policy, the United States will support its charging decisions by presenting specific facts from the Defendant's criminal history,

the relative punishments between A-level trafficking charges and sexual abuse charges, and numerous phone calls containing sexually explicit and aggressive statements by the Defendant toward G.T. The United States again stresses the need to avoid the three-ring circus of chaos onto which this trial could devolve. Granting the Defendant's request would send this trial into full chaos-mode, running well afoul of Rule 403 for needless presentation of evidence, countless distractions from the real issues, as well as waste of time. For these reasons, the United States therefore moves this Court to deny the Defendant's motion.

Respectfully submitted,

HOLLAND S. KASTRIN
Acting United States Attorney

***Electronically filed March 17, 2025***
LETITIA CARROLL SIMMS
JOSEPH M. SPINDLE
Assistant United States Attorneys
201 Third St. NE Ste 900
Albuquerque, New Mexico 87102
(505) 346-7274

I hereby certify that the foregoing was filed electronically
through the CM/ECF system, which caused counsel
of record to be served by electronic means.

    /s/
LETITIA CARROLL SIMMS